IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No. 4:20-cr-32-CDL-MSH |
| | : | |
| ERICA MONTGOMERY, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER**

The following documents were among the many materials produced to Defendants during discovery: (1) a memorandum to file authored by two attorneys employed by the U.S. Department of Justice ("DOJ") in the Fraud Section which resulted in an internal investigation of the Government's decision to charge Defendant Kristina Parker (Defs.' Mot. to Compel Ex. 3, Mem. To File (Dec. 20, 2021), ECF No. 173-3); and (2) statements from persons on the Government's prosecution team who were involved to varying degrees with the decision to charge Parker and her co-Defendants (Defs.' Mot. to Compel Ex. 4, DOJ Call Notes (Dec. 27, 2021 to Jan. 11, 2022), ECF No. 173-4 ("Mot. to Compel Ex. 4")). These documents indicate that prior to obtaining the original indictment, Middle District Assistant U.S. Attorney Crawford Seals and DOJ attorney David Bybee briefly discussed the issue of the "optics" of indicting Defendants Montgomery, Anderson, L. Thomas, and Y. Thomas, all of whom are black, and not indicting Parker, who is

white. Mot. to Compel Ex. 4, at 8-11. The decision was ultimately made to include Parker with the other Defendants, and a grand jury found that there was probable cause that she, along with the other Defendants, had committed the crimes alleged in the original indictment. Subsequently, a new set of DOJ attorneys reviewed all of the evidence anew and made the independent decision to seek a superseding indictment, which charges all of the Defendants from the original indictment, including Parker.

Defendants filed a joint motion to dismiss the superseding indictment based upon selective prosecution, which they claim was motivated by consideration of the Defendants' race. (ECF No 182.) They also sought to compel the production of documents in an attempt to discover whether additional evidence exists to support their claim. (ECF No. 173.) Many of these documents would typically be subject to privilege, so the Court required the Government to produce them for in-camera review. Order 1, Aug. 4, 2022, ECF No. 190 ("Aug. 4 Order"). Defendant Anderson also sought to subpoena the members of the Government's prosecution team who may have some knowledge of the charging decisions (ECF No. 180). The Court authorized the issuance of the subpoenas, reserving ruling as to whether the Court would require the individuals to testify until after the Court had completed its in-camera review of the relevant documents. Aug. 4 Order 1-2.

Upon completing its in-camera review, the Court concluded that testimony from the subpoenaed individuals was unnecessary and would inappropriately intrude upon matters that are protected by privilege and are confidential.  The Court's in-camera review found no documents related to race and its consideration in the charging decision other than those that had been previously produced to Defendants.[1]  Furthermore, the documents previously produced, which do mention race, are self-explanatory and the Court found it unnecessary to subject the agents to in-court examination, particularly given that there is no serious dispute that prior to presenting the charges to the first grand jury, the Government's counsel considered how it would look to a jury if all of the Defendants who were indicted were black and yet a similarly situated white Defendant was not indicted.  Although counsel for Defendants attempt to convert this concern into immunity from prosecution, the following discussion explains that the law does not support such wishful thinking.

## DISCUSSION

In *United States v. Smith,* 231 F.3d 800 (11th Cir. 2000), Judge Carnes, on behalf of the Eleventh Circuit, explained the clear burden that a defendant must carry to prevail on a race-

---

[1] The documents reviewed in-camera by the Court shall be a part of the record for appeal purposes, but the in-camera restriction shall be maintained so that the documents are only accessible to the Court, including the Court of Appeals if necessary.

3

based selective prosecution claim. "The claimant must demonstrate [by clear and convincing evidence] that the [charging decision] had [1] a discriminatory effect and [2] that it was motivated by a discriminatory purpose." *Id.* at 808 (quoting *United States v. Armstrong,* 517 U.S. 456, 465 (1996)). Under this two-pronged test, the defendant must establish both selectivity (the discriminatory effect prong) and race-based motivation (the discriminatory intent prong).

To satisfy the selectivity prong, the claimant "must show that similarly situated individuals of a different race were not prosecuted." *Id.* None of the Defendants have carried this burden. The four black Defendants (Montgomery, Anderson, L. Thomas and Y. Thomas) have pointed to no other non-black person who engaged in conduct similar to what they have been charged with in the superseding indictment but was not prosecuted. In fact, they have not pointed to any comparators who are human beings. Instead, Defendants point to corporate entities which they claim engaged in fraudulent conduct related to student loans and grants and which they claim were not prosecuted for their conduct. This evidence is largely based on news articles counsel copied from the internet. None of the articles point to the individuals who engaged in the specific alleged criminal conduct, and none of the articles indicate the race of the alleged fraudsters. Counsel admitted at the hearing on the motion that he did not know the race of these

4

purported comparators, maintaining that it was irrelevant. He argued instead, citing a First Amendment Supreme Court case involving campaign finance, that a corporation is considered a "person" under the law, and because a corporation does not have a "race," then it must be different than the race of the Defendants. Thus, it qualifies as a comparator. Defendants' argument is frivolous. To satisfy the first prong under *Smith,* the Defendants, who are human beings, must point to other human beings who are of a different race than Defendants and who engaged in similar conduct as Defendants, yet were not prosecuted. Defendants have not only failed to identify another human being comparator, but they have not shown how the acts of these purported corporate comparators were similar to the alleged criminal conduct of the Defendants. They also have not shown by clear and convincing evidence that the human beings who engaged in the fraudulent conduct on behalf of these so-called comparator corporations did not, or will not, suffer criminal liability.[2]

Likewise, Defendant Parker, who is white, has pointed to no non-white comparator. She vaguely suggests that the employees of the parent company, who are black, could be comparators, but she

---

[2] Although the Court has decided not to impose sanctions for the frivolous nature of counsel for Defendant Anderson's argument, his argument is close to the line, particularly his argument that the parent company of the satellite office where his client was employed was a valid comparator notwithstanding his concession that all of the administrators and executives whose conduct would be imputed to the company were black, the same race as his client.

5

offered no evidence that they engaged in conduct similar to Parker's alleged criminal conduct. Counsel misses the point when she suggests that the other employees performed similar administrative duties. The key for selective prosecution purposes is whether the other individuals engaged in conduct similar to the "criminal" acts that the Government alleges Parker committed. Speculation does not carry the Defendant's burden.

In summary, even if Defendants could produce evidence that the charging decision was tainted by consideration of race, they have failed to satisfy the first prong of the applicable selective prosecution standard. There is no evidence to suggest that the charging decisions had any discriminatory effect because there is no indication that persons who engaged in similar conduct but were of a different race were not charged.[3]

The Court recognizes that neither the Supreme Court nor this Circuit has addressed directly whether a defendant must point to a valid comparator if there is clear direct evidence of discriminatory intent. *See Armstrong*, 517 U.S. at 469 n.3. But even if Defendants are excused from identifying valid comparators for purposes of satisfying prong one of the selective prosecution

---

[3] The irony of Defendants' argument here does not escape the Court. For Defendant Parker to show discriminatory effect, she would have to point to persons similarly situated to her, for example her co-defendants here, and show they were not charged. Yet they were. And for these co-defendants to show discriminatory effect, they would have to point to persons similarly situated, for example defendant Parker, and show that she was not charged. Yet she was.

6

test, their claim fails because they have not met their burden of establishing that the *superseding* indictment (as opposed to the original indictment) was motivated by a racially discriminatory purpose, which is the second prong of the selective prosecution test.  As to the black Defendants, there is no evidence that the decision to charge them was motivated by their race.  Defendants have presented no evidence, and none of the materials reviewed in-camera by the Court even suggest that their race was a consideration when the charging decisions were made.  The prosecutorial team's discussion about the optics of not indicting Parker, who is white, certainly does not suggest that they indicted the others because they are black.  Such Alice in Wonderland logic borders on the frivolous.[4]

As to Parker's claim, its superficial appeal loses vitality when subjected to closer scrutiny.  Although it appears that the primary motivation for the prosecutors' comments regarding Parker were tactical (i.e, the optics to a jury), they were actually (and perhaps unbeknownst to themselves at the time) expressing a concern that could be legitimate--if the Government did not indict Parker, could the prosecution of the other Defendants be deemed improperly

---

[4] Equally creative, but unpersuasive, is the black Defendants' contention that "they" have been subjected to selective prosecution based on their race because the original prosecution team arguably believed that having a white Defendant increased the chances that a jury would convict the black Defendants.  Having to resort to such a tenuous argument reveals the weakness of the selective prosecution claim.

selective. Simply put, it should be concerning to any prosecutor if two persons have engaged in similar conduct and one is prosecuted and one is not. This concern is heightened when one of the primary differences between the persons is their race. In that situation, the prosecutor is duty-bound to make sure legitimate reasons exist for the disparate treatment.

Here, the prosecutors felt that a jury may not accept that good reasons existed for treating Parker more favorably than the other Defendants. Granted, their comments were not phrased in terms of concern for the constitutional rights of the other Defendants to be free from selective prosecution. But such remarks were certainly not inconsistent with those concerns. And with no evidence that persons who engaged in similar conduct were ultimately treated differently, it's difficult to conclude that Parker was prosecuted because she was white instead of because she engaged in allegedly unlawful conduct. It is also important that after DOJ supervisors learned of the mention of race, they conducted an investigation; assigned new lawyers to review the prosecutorial charging decision; and upon independently confirming evidence that supported probable cause that Parker had committed federal crimes, they sought a new superseding indictment from the grand jury. That grand jury found that probable cause existed that Parker had committed serious federal crimes. The Government's attorneys further represented to the Court at the hearing on the

present motion that the attorneys involved in the original charging decision have not been involved in prosecuting this case subsequent to the independent review and will not be involved in the trial.[5]

The bottom line: the discussion of the optics of not indicting Parker does not provide Parker or the other Defendants with immunity from prosecution for their alleged serious criminal conduct. Defendants have failed to show by clear and convincing evidence that the obtaining of the superseding indictment was motivated by the race of any of the Defendants; thus, even if Defendants are somehow excused from producing comparator evidence to satisfy prong one of the selective prosecution test, their failure to satisfy the second prong dooms their race-based selective prosecution claim.[6]

Lastly, the Court rejects Defendants' contention that the superseding indictment does not sufficiently allege the offenses

---

[5] The Court notes that counsel for Defendant Anderson acknowledged at the hearing on the motion that dismissing the indictment was not the only remedy for cleansing any selective prosecution taint. He relayed an example from a state court case in which the remedy was replacing the prosecuting attorneys who had been involved in the alleged improper conduct with another special prosecuting attorney who had no involvement with that conduct. That is essentially what happened here.

[6] The Court rejects any contention by Defendants that they were hampered in presenting their claim because the Court did not compel disclosure of confidential and privileged documents to them and did not allow them to present testimony from the Government's prosecution team. As noted previously, the Court's in-camera review revealed no additional documents relevant to their motion and allowing Defendants the opportunity to review otherwise non-discoverable material would unduly intrude upon the Government's right to privilege and confidentiality. Furthermore, allowing examination of the agents involved would have added no new information that would support Defendants claim and would simply amount to a fishing expedition, wasting the time of the parties and the Court and further intruding unnecessarily into matters which the rules of discovery do not permit.

charged therein. The indictment complies with Federal Rule of Criminal Procedure 7(c)(1) and is otherwise sufficient. Defendants' arguments to the contrary are unpersuasive.

CONCLUSION

Because Defendants have failed to demonstrate by clear and convincing evidence that the obtaining of the superseding indictment had a discriminatory effect and that it was motivated by a discriminatory purpose, their motion to dismiss the superseding indictment based upon racially discriminatory selective prosecution (ECF No. 182) is denied. Furthermore, Defendants' motion to dismiss the superseding indictment for failure to adequately allege the offenses charged (ECF No. 182) is likewise denied. Defendants' joint motion to compel (ECF No. 173) is also denied except to the extent they requested the Court to conduct an in-camera review, which it has done.

SO ORDERED, this 12th day of August, 2022.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE